[Civil No. 477.   Filed July 20, 1897.]

[50 Pac. 31.]

NELLIE A. SULLIVAN et al., Plaintiffs and Appellants, v. WILLIAM GARLAND et al., Defendants and Appellees.

1. MALICIOUS PROSECUTION—SLANDER AND LIBEL—COMPLAINT—SUFFICIENCY—DUPLICITY—MULTIFARIOUSNESS.—A complaint that defendants made, presented, subscribed, and swore to before the justice of peace a criminal complaint in writing against plaintiff, wherein defendants falsely, maliciously, and without any reason or cause accused her of having committed a felony; that a warrant for plaintiff was issued by said justice, upon which she was arrested by the sheriff of said county and carried before said justice, by whom she was arraigned and examined upon said charges and was promptly discharged; that said accusation, complaint, and each and every allegation thereof were and are false, malicious, and without probable cause, states facts sufficient to constitute a cause of action for malicious prosecution, and is not subject to demurrer for duplicity and multifariousness in that it attempts to join a cause of action for malicious prosecution and an action for slander and libel.

HAWKINS, J., dissenting.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Owen T. Rouse, Judge. Reversed.

The facts are stated in the opinion.

E. J. Edwards, and John McGowan, for Appellants.

The complaint states facts sufficient to constitute a cause of action, and for the purpose of this demurrer these facts are admitted. A complaint always shows a cause of action when its averments of fact show (1) a primary or legal right belonging to plaintiff, (2) an infringement of such right by defendant, and (3) damage in consequence to plaintiff. Pomeroy on Code Remedies, sec. 549.

In injuries to character—i. e. malicious prosecution, libel, and slander—the first element, the legal right, is presumed (Cooley on Torts, pp. 31, 225), and hence need not be alleged. Bliss on Code Pleading, sec. 175.

The complaint sets up a cause of action for malicious prosecution, the only essentials of which are, (1) the institution of such prosecution by defendant against plaintiff, (2) its termination before bringing the civil action therefor, (3) that the prosecution was without probable cause, (4) that it was malicious, (5) unless the words are objectionable *per se,* resulting damage to the present plaintiff. This complaint contains all these elements, although an averment of damages was unnecessary, the words being actionable *per se.*

By demurring on the merits for the insufficiency of facts, defendants waived their formal objection of misjoinder set up in special demurrer. Rev. Stats. Ariz. 1887, par. 734.

This complaint is not double; it sets up only one cause of action; it shows only one primary or legal right of plaintiff, —viz., the right of character (reputation or good name),— and but one violation of this right,—to wit, said malicious prosecution. Bliss on Code Pleading, secs. 453, 455, 456, 457.

And even if the complaint did set up a cause of action for malicious prosecution and one for libel, still it would not be demurrable on account of such joinder; since these torts are exactly of the same nature, admitting of the same kind of proof and relief. *Martin* v. *Mattison,* 8 Abb. Pr. 3; *Hill* v. *Vreeland,* 18 Abb. Pr. 182; *Hargon* v. *Purdy,* 93 Ky. 424, 20 S. W. 432.

The issuance of the warrant by a justice of the peace in the prosecution complained of constitutes no adjudication or proof of the existence of probable cause. *Sayler* v. *Briggs,* 4 Met. 421; *Brooks* v. *Bradford,* 4 Colo. App. 410, 36 Pac. 303;

*Cardival* v. *Smith,* 109 Mass. 158, 12 Am. Rep. 582; *Burkett* v. *Lanata,* 15 La. Ann. 337.

The complaint states that the defendant corporation instituted the prosecution by one of its agents, thus showing how it acted. But it is always sufficient in pleading the acts of a corporation simply to allege that the *corporation* entered into the contract, or committed the tort, as the case may be, on the principle that "Evidence should not be pleaded." Bliss on Code Pleading, secs. 206, 207, 208, 209; *Rogers* v. *City,* 13 Wis. 613; *Page* v. *Boyd,* 11 How. Pr. 415; *Allen* v. *Patterson,* 3 Seld. 476.

Pleadings should state generally *what* was done. It is the province of the evidence to show *particularly how* it was done. *People* v. *Ryder,* 11 N. Y. 433; *Green* v. *Palmer,* 15 Cal. 411, 76 Am. Dec. 492.

The defendant corporation was and is capable of instituting the malicious prosecution complained of, or of doing any other tort. Rev. Stats. Ariz. 1887, pars. 232, 233; *Jordan* v. *Alabama etc. R. R. Co.,* 74 Ala. 85, 49 Am. Rep. 800; *Vance* v. *Erie Ry. Co.,* 32 N. J. L. 334, 90 Am. Dec. 665; *Goodspeed* v. *Bank,* 32 Conn. 530; *Roe* v. *Railroad Co.,* 7 Ex. 36; *Wheeler etc. Mfg. Co.* v. *Boyce,* 36 Kan. 350, 59 Am. Rep. 571, 13 Pac. 609.

There is a legal unity of principal and agent, as well in respect of torts as of rightful acts of the agent, done within the scope of the employment. *Railroad Co.* v. *Bailey,* 40 Miss. 450.

And corporations are as liable for torts so committed as an individual acting on his own account. *Baltimore etc. R. R. Co.* v. *Fifth Baptist Church,* 108 U. S. 317, 2 Sup. Ct. Rep. 719; *Jordan* v. *Alabama etc. R. R. Co.,* 74 Ala. 85, 49 Am. Rep. 800; *Boogher* v. *Life Assn.,* 75 Mo. 319, 42 Am. Rep. 413; *Iron Mt. Bank* v. *Merchants' Bank,* 4 Mo. App. 505.

The discharge of appellant by the justice of the peace was a sufficient termination of the prosecution to enable her to maintain this action. *Sayler* v. *Briggs,* 4 Met. 421; *Brooks* v. *Bradford,* 4 Colo. App. 410, 36 Pac. 303; *Cardival* v. *Smith,* 109 Mass. 158, 12 Am. Rep. 582; *Burkett* v. *Lanata,* 15 La. Ann. 337; *Driggs* v. *Burton,* 44 Vt. 124; *Swensgaard* v. *David,* 33 Minn. 368, 32 N. W. 543; *Zebley* v. *Storrey,* 117 Pa. St. 478, 12 Atl. 569.

Even though this complaint should be demurrable as to the defendant corporation, the demurrer cannot be sustained as to both defendants. *Makepeace* v. *Davis.* 27 Ind. 352; *Turner* v. *Bank,* 26 Iowa, 562; *Webster* v. *Tibbits,* 19 Wis. 438; *Railroad Co.* v. *Schuyler,* 17 N. Y. 592; *Goncelier* v. *Foret,* 4 Minn. 13; *People* v. *City of New York,* 28 Barb. 240; *Phillips* v. *Hagadon,* 12 How. Pr. 17; *Christian* v. *Croker,* 25 Ark. 327.

C. E. Moorman, and William H. Barnes, for Appellees.

The dismissal by the justice is not such a termination of a criminal prosecution as is sufficient to establish want of probable cause. *Israel* v. *Brooks,* 23 Ill. 526; *Thorpe* v. *Balliett,* 25 Ill. 300; *Blalock* v. *Randall,* 76 Ill. 224.

The issuance of the warrant by the justice constitute probable cause under the Penal Code. Rev. Stats. Ariz. par. 1272, Pen. Code; *Ball* v. *Rawle,* 93 Cal. 222, 27 Am. St. Rep. 174, 28 Pac. 937; *Walker* v. *Martin,* 43 Ill. 508; *Stewart* v. *Sonnebon,* 98 U. S. 119; *Hahn* v. *Schmidt,* 64 Cal. 284, 30 Pac. 818.

BETHUNE, J.—This is an action for damages for a malicious prosecution alleged by appellants to have been instituted by appellees against Nellie A. Sullivan, one of appellants, and the wife of appellant Patrick Sullivan. The amended complaint states: "That at Solomonville, in said county, on or about the 30th day of January, 1895, defendants made, presented, subscribed, and swore to [said corporation did so by its agents] before W. J. Parks, justice of the peace of said county, a criminal complaint in writing against plaintiff Nellie A. Sullivan, in which complaint defendants falsely, maliciously, and without any reason or cause accused her of having committed a felony." That a warrant for the arrest of said Nellie A. Sullivan was issued by said justice, upon which she was arrested by the sheriff of said county, and carried before said justice, by whom she was arraigned and examined upon said charges, and was promptly and fully discharged of and from said charge and accusations by said justice. "That said accusation, complaint, and each and every allegation thereof were and are false, malicious, and without probable cause." The complaint was demurred to on the ground that it does not state facts sufficient to constitute a

cause of action, and for duplicity and multifariousness in that it attempts to join a cause of action for malicious prosecution and an action for slander and libel. The demurrer was sustained by the court below, and judgment given for defendants.

We think the complaint contains all of the essential elements of a complaint in an action for malicious prosecution, and does not join any other cause of action therewith, and that the lower court erred in sustaining the demurrer. The judgment is reversed, and the cause remanded.

Baker, C. J., concurs.

HAWKINS, J.—I dissent. I think the demurrer should have been sustained.